UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUSTIN OCAMPO,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 5:20-cv-05857-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE**<br><br>Re: Dkt. No. 27 |

Before the Court is Defendant Apple Inc.'s Motion to Strike ("Mot.") Plaintiffs' Second Amended Complaint ("SAC"). Dkt. No. 27. For the reasons set forth below, the Court **DENIES** Defendant's Motion to Strike the Second Amended Complaint.

## I. BACKGROUND

On August 19, 2020, Plaintiff Ocampo, then the sole plaintiff in the matter, filed his initial putative class action complaint for damages alleging causes of action for violations of various consumer fraud and advertising laws. Thereafter, the Parties stipulated that Defendant's response to or motion to dismiss the original complaint would be due no later than October 26, 2020. *See* Dkt. No. 13. On October 22, 2020, Plaintiffs' counsel informed Defendant that they intended to file an amended complaint. *See* Declaration of David R. Singh ("Singh Decl."), Dkt. No. 27-1 ¶ 5. The next day the Parties agreed to a stipulation allowing Plaintiff Ocampo to file an amended complaint by November 23, 2020. *See* Stipulation Regarding Filing Amended Complaint Pursuant to Civil Local Rule 6-1(a) ("Stipulation"), Dkt. No. 20 at 1. Additionally, the Parties stipulated that Defendant did not need to respond to the original complaint and also agreed to a briefing schedule if Defendant were to file a motion to dismiss the amended complaint. *Id.*

Case No.: 5:20-cv-05857-EJD
ORDER DENYING DEFENDANT'S MOTION TO STRIKE
1

1   Pursuant to the Parties' Stipulation, Plaintiff Ocampo and the new additionally named
2   plaintiffs filed their First Amended Complaint ("FAC") on November 23, 2020. Dkt. No. 24. On
3   December 23, 2020, Defendant filed a motion to dismiss all of Plaintiffs' causes of action for lack
4   of subject-matter jurisdiction and failure to state a claim. *See* Dkt. No. 25. Twenty-one days later,
5   Plaintiffs filed their SAC without "opposing party's written consent or the court's leave." Fed. R.
6   Civ. P. 15(a)(2). Defendant filed the instant motion to strike in response.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), on its own or by motion, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The court must view the pleadings in the light most favorable to the non-moving party. *Cal. Dept. of Toxic Substances Control v. Alco Pac. Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007) (citation omitted).

## III.   DISCUSSION

Defendant moves to strike Plaintiffs' SAC arguing Plaintiffs have already amended their original complaint "once as a matter of course" and thus, needed either written consent from Defendant or leave of the Court prior to filing the SAC. Mot. at 1. The Court finds that Plaintiffs' FAC was an amendment within the meaning of Federal Rule of Civil Procedure 15(a). However, Plaintiffs' FAC was filed after receiving Defendant's written consent pursuant to Rule 15(a)(2). Thus, filing the FAC did not exhaust Plaintiffs' ability to file an amended complaint "as a matter of course" under Rule 15(a)(1).

Rule 15(a) provides:

(1) Amending as a Matter of Course. A party may amend its pleading

United States District Court
Northern District of California

once as a matter of course within:

    (A) 21 days after serving it, or

    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

The Ninth Circuit's decision in *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002 (9th Cir. 2015), is instructive. There, the plaintiff filed a first amended complaint with the consent of the court pursuant to Rule 15(a)(2). *Id*. at 1004. Shortly after the first amended complaint was filed, the defendant filed a motion to dismiss. *Id*. Similar to this case, the plaintiff attempted to file a second amended complaint rather than an opposition to the defendant's motion to dismiss. *Id*. The court denied plaintiff's second amended complaint because leave of court was not sought or granted. *Id*. The plaintiff appealed this decision and the Ninth Circuit held that a "[p]laintiff's 15(a)(2) amendment, filed first in time, cannot be construed as a waiver or exhaustion of his automatic right to amend under 15(a)(1), so long as that amendment was timely." *Id*. at 1008. Rule 15 provides different ways to amend a complaint, and a plaintiff may amend in whatever order he sees fit, so long as he complies with Rule 15. *Id*. at 1007. The Ninth Circuit further reasoned that "Rule 15 is organized substantively, not chronologically." *Id*. Therefore, a plaintiff "may amend in whatever order he sees fit provided he complies with the respective requirements found within 15(a)(1) and 15(a)(2)." *Id*.

Here, Plaintiffs received written consent to file the FAC from Defendant as seen in the Stipulation. Although Defendant argues that the Stipulation was a limited scheduling agreement meant to give Defendant relief from its obligation to respond to the original complaint, it expressly states that the Parties had stipulated and agreed to Plaintiff Ocampo filing the FAC by November 23, 2020. Additionally, the Parties made reference to the Stipulation in their subsequent Rule 26(f) Report highlighting that "[p]ursuant to the parties' stipulation to allow Plaintiff to file an

1   amended complaint, Plaintiff intend[ed] on filing an amended complaint by November 23, 2020."

2   *See* Case Management Statement, Dkt. No. 22 at 4.  The filing of the FAC did not exhaust

3   Plaintiffs' right as a matter of course to later amend after service of a motion under Rule 12(b).

4   Plaintiffs were permitted to amend the complaint in whatever order, so long as they complied with

5   Rule 15.  In this instance, Plaintiffs complied with Rule 15 because Defendant provided written

6   consent to the FAC and afterwards, Plaintiffs filed their SAC.  Plaintiffs timely filed their SAC as

7   a matter of course as the SAC was filed twenty-one days after Defendant filed its motion to

8   dismiss.  Therefore, the Court finds Plaintiffs' SAC was permissible under Rule 15(a).

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to strike Plaintiffs' Second Amended Complaint.  Defendant's Motion to Dismiss the First Amended Complaint is **DENIED** as moot and thus, the Second Amended Complaint is the operative complaint.  Pursuant to the Parties' joint stipulation regarding the Motion to Strike, *see* Dkt. No. 28, Defendant will have **ten (10) days** after the date of this Order to file a responsive pleading.

**IT IS SO ORDERED.**

Dated: March 2, 2021

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-05857-EJD
ORDER DENYING DEFENDANT'S MOTION TO STRIKE
4