1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JUSTIN OCAMPO, et al.,

        Plaintiffs,

    v.

APPLE INC.,

        Defendant.

Case No.   5:20-cv-05857-EJD

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 38

      Plaintiffs Justin Ocampo, Fernando Pineiro, Tyler Hutchinson, Hisham Khan, and Diana Crow ("Plaintiffs") bring this action against Defendant Apple Inc. ("Defendant") on behalf of themselves and members of a putative class, asserting thirteen claims related to an alleged product defect in certain MacBook Pro laptops.  Before the Court is Defendant's motion to dismiss the second amended class action complaint ("SAC").  Defendant's Motion to Dismiss Second Amended Complaint ("Mot."), Dkt. No. 38.  On April 2, 2021, Plaintiffs filed an opposition, to which Defendant filed a reply.  *See* Plaintiffs' Opposition to Defendant's Motion to Dismiss ("Opp."), Dkt. No. 43; Defendant Apple Inc.'s Reply in Support of Motion to Dismiss ("Reply"), Dkt. No. 50.  For the reasons detailed below, the Court **GRANTS** the motion **with limited leave to amend**.[1]

I.      **BACKGROUND**

      In October 2016, Defendant released its new 13-inch and 15-inch MacBook Pro models. SAC ¶ 2.  Certain MacBook Pro models include a Touch Bar, a small strip at the top of the screen

---

[1] On June 9, 2021, the Court found this motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b).  *See* Dkt. No. 52.

Case No.: 5:20-cv-05857-EJD
ORDER GRANTING MOTION TO DISMISS

that features a light-up touch-based panel that replaces certain function keys on the keyboard. SAC ¶ 2.  Defendant advertised the MacBook Pro as the thinnest and lightest MacBook Pro model ever, weighing 3 pounds and measuring 14.9 mm of thickness.  SAC ¶ 2.  Defendant also announced that display of the MacBook Pro would be 67 percent brighter, have a 67 percent better contrast ratio, and display 25 percent more colors compared to the previous model.  SAC ¶ 2.

Plaintiff alleges that these representations were false.  SAC ¶ 3.  To support the compact design, Defendant used thin, flexible ribbon cables ("flex cables") to connect the display to a display controller board.  SAC ¶ 3.  These flex cables wrap tightly over the controller board.  SAC ¶ 3.  Plaintiff alleges that the flex cables wore out over time through normal use of the opening and closing the laptop display because the cables were not long enough.  SAC ¶ 3.  As a result, the flex cables eventually stopped connecting the controller board to the display screen, which caused the laptop's display backlight to show dark spots across the screen that interfered with text and images or caused the screen to go completely dark.  SAC ¶¶ 3, 4, 36 ("The deterioration of the flex cables results in the display screen exhibiting dark spots and/or in [sic] the display screen turning completely black when the laptop is open[ed] beyond certain angles (with some consumers complaining of experiencing issues if they opened the screen beyond certain degrees) and/or complete monitor failure.  Therefore, consumers are prevented from using their laptops for their ordinary and intended purpose: to open the display screen beyond certain degrees when using the laptop and/or using the laptop as a portable device.").  Plaintiffs allege that the 13-inch and 15-inch 2016 Macbook Pros, and all later MacBook Pros, have the same allegedly defective flex cable design.  *See* SAC ¶ 4, 12, 43, 167, 194, 205.

Defendant provides MacBook Pro purchasers with a one-year limited warranty, and consumers may elect to purchase an AppleCare service plan extending the duration and scope of coverage.[2]  The Limited Warranty warrants "against defects in materials and workmanship when

---

[2] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the Limited Warranty in effect when Plaintiffs allegedly purchased their devices.  *See* Declaration of David R. Singh ("Singh Decl."), Ex. A, Dkt. No. 38-1.

1  used normally in accordance with Apple's published guidelines for a period of ONE (1) YEAR

2  from the date of original retail purchase by the end-user purchaser ('Warranty Period')."  Signh

3  Decl., Ex. A.  The warranty does not warrant against "defects caused by normal wear and tear or

4  otherwise due to the normal aging of the Apple Product."  *Id.*

5      In May 2019, Defendant launched the 13-inch MacBook Pro Display Backlight Service

6  Program (the "Backlight Service Program").  SAC ¶ 7.  Pursuant to this program, Apple agreed to

7  replace displays for 13-inch 2016 Macbook Pros that experienced a stage lighting effect (*e.g.*,

8  intermittent vertical bright areas across the bottom of the screen) or a total failure of the display.

9  Singh Decl., Ex. B.  Defendant also agreed to refund those who paid to have their displays fixed.

10  Plaintiff Ocampo, who filed the initial complaint in this action, "submitted his MacBook Pro to

11  Apple for a free repair" and "received his laptop approximately 2 to 3 days later."  SAC ¶ 54.

12  During this time, "Plaintiff Ocampo was without a laptop and Defendant did not offer to provide

13  [him] a loaner laptop."  SAC ¶ 54.

14      Plaintiffs all owned impacted MacBook Pros.  Plaintiff Ocampo owned a 13-inch 2016

15  MacBook Pro, SAC ¶ 47; Plaintiff Pineiro owned a 13-inch 2016 MacBook Pro, SAC ¶ 56;

16  Plaintiff Hutchinson owned a 15-inch 2016 MacBook Pro, see SAC ¶ 63; Plaintiff Khan owned a

17  15-inch 2016 MacBook Pro, see SAC ¶ 70; Plaintiff Khan owned a 15-inch 2016 MacBook Pro,

18  SAC ¶ 70; and Plaintiff Crow owned a 15-inch 2016 MacBook Pro, SAC ¶ 76.

19      On January 13, 2021, Plaintiff Ocampo, and four other purchasers of MacBook Pro

20  devices, Fernando Pineiro, Tyler Hutchison, Hisham Khan, and Diana Crow, filed the SAC,

21  purporting to represent a nationwide class of "[a]ll individual consumers in the United States who

22  purchased model year 2016 or later Mac[B]ook Pro laptops at any time beginning 4 years

23  preceding the filing of this Complaint and continuing to the present" and subclasses limited to

24  consumer residents of California, Florida, Hawaii, and New York.  SAC ¶ 89.  Plaintiffs assert

25  thirteen claims against Apple: violations of California's Consumer Legal Remedies Act ("CLRA")

26  (Count I), Song-Beverly Consumer Warranty Act ("SBA") (Count II), and the federal Magnuson-

27  Moss Warranty Act ("MMWA") (Count III); violations of the Florida Deceptive and Unfair Trade

1    Practices Act ("FDUTPA") (Count IV), New York General Business Law ("GBL") Sections 349

2    and 350 (Counts VI and VII), Hawaii Unfair and Deceptive Trade Practices Act ("HUDTPA")

3    (Count IX), Hawaii Uniform Deceptive Trade Practice Act ("HDTPA") (Count X), and the

4    consumer fraud statutes of all 50 states and the District of Columbia (the "State Consumer Fraud

5    Acts" claim) (Count XII); violations of implied warranty of merchantability under Florida,

6    Hawaii, and New York law (Counts V, VIII, and XI) (collectively, the "Implied Warranty"

7    claims); and fraudulent concealment (Count XIII).

8    **II.    LEGAL STANDARD**

9        **A.  Rule 12(b)(6)**

10           Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with enough

11    specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which

12    it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations marks omitted).  A

13    complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to state

14    a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule

15    12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts

16    to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097,

17    1104 (9th Cir. 2008).  When deciding whether to grant a motion to dismiss, the Court must accept

18    as true all "well pleaded factual allegations" and determine whether the allegations "plausibly give

19    rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The Court must also

20    construe the alleged facts in the light most favorable to the plaintiff.  *Love v. United States*, 915

21    F.2d 1242, 1245 (9th Cir. 1989).  While a complaint need not contain detailed factual allegations,

22    it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

23    plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570).

24           A court generally may not consider any material beyond the pleadings when ruling on a

25    Rule 12(b)(6) motion.  If matters outside the pleadings are considered, "the motion must be treated

26    as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  However, documents

27    appended to the complaint, incorporated by reference in the complaint, or which properly are the

28    Case No.: 5:20-cv-05857-EJD
      ORDER GRANTING MOTION TO DISMISS
                                          4

United States District Court
Northern District of California

1   subject of judicial notice may be considered along with the complaint when deciding a Rule

2   12(b)(6) motion.  *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Hal*

3   *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

4   Likewise, a court may consider matters that are "capable of accurate and ready determination by

5   resort to sources whose accuracy cannot reasonably be questioned." *Roca v. Wells Fargo Bank*,

6   *N.A.*, 2016 WL 368153, at *3 (N.D. Cal. Feb. 1, 2016) (quoting Fed. R. Evid. 201(b)).

7         **B.  Rule 9(b)**

8         Consumer protection claims that sound in fraud are subject to the heightened pleading

9   requirements of Federal Rule of Civil Procedure 9(b).  *See Vess v. Ciba-Geigy Corp. USA*, 317

10  F.3d 1097, 1102 (9th Cir. 2003); *San Miguel v. HP Inc.*, 317 F. Supp. 3d 1075, 1084 (N.D. Cal.

11  2018).  Rule 9(b) requires that "a party must state with particularity the circumstances constituting

12  fraud." Fed. R. Civ. P. 9(b).  The circumstances constituting the fraud must be "specific enough to

13  give defendants notice of the particular misconduct which is alleged to constitute the fraud

14  charged so that they can defend against the charge and not just deny that they have done anything

15  wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  Therefore, a party alleging

16  fraud must set forth "the who, what, when, where, and how" of the misconduct.  *Vess*, 317 F.3d at

17  1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  "[I]n a case where fraud is

18  not an essential element of a claim, only allegations . . . of fraudulent conduct must satisfy the

19  heightened pleading requirements of Rule 9(b)" while "[a]llegations of non-fraudulent conduct

20  need satisfy only the ordinary notice pleading standards of Rule 8(a)." *Id.* at 1104–05.

21        With respect to Plaintiffs' omissions-based fraud claims, "the pleading standard is lowered

22  on account of the reduced ability in an omission suit 'to specify the time, place, and specific

23  content, relative to a claim involving affirmative misrepresentations.'" *Barrett v. Apple Inc.*, 2021

24  WL 827235, at *7 (N.D. Cal. Mar. 4, 2021) (quoting *In re Apple & AT & TM Antitrust Litig.*, 596

25  F. Supp. 2d 1288, 1310 (N.D. Cal. 2008)); *see also Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d

26  1088, 1099 (N.D. Cal. 2007).

27

28  Case No.: 5:20-cv-05857-EJD
    ORDER GRANTING MOTION TO DISMISS
    5

*United States District Court*
*Northern District of California*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### III.     DISCUSSION[3]

#### A.  Fraud Claims (Counts I–II, IV, VI–VII, IX–X, and XII–XIII)

Plaintiff's CLRA, SBA, GBI, FDUTPA, HUDTPA, and HDTPA, State Consumer Frauds Acts, and fraudulent concealment claims are grounded in fraud.  *See, e.g.*, SAC ¶¶ 105, 128, 154, 156, 163, 169, 196, 202, 222, 233.  Regardless of the label attached to the claim, allegations grounded in fraud are subject to Rule 9(b)'s pleading requirements.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003).  Even where fraud is not an element of the underlying claim, Rule 9(b) applies where a complaint relies on a unified course of fraudulent conduct as the basis of that claim.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

##### 1.  Affirmative Representations

Plaintiffs allege that Defendant committed fraud through affirmative representations in its 2016 promotional campaign for MacBook Pros, specifically Defendant's statements regarding the "brightness" of certain MacBook Pro displays.  Opp. at 30.  The SAC alleges that Defendant represented: (1) that Macbook Pros operate at "500 nits brightness" and have a "67% brighter display than prior models," SAC ¶¶ 30, 32 & n.18, 35–38; (2) that the new display in the MacBook Pros "is the best ever in a Mac notebook," SAC ¶ 27; and (3) that the new Macbook Pro was the "gold standard" that "ensures truer-to-life pictures with realistically vivid details," SAC ¶¶ 2, 28, 31, 34, 140.  Additionally, Plaintiff notes that Defendant's website publicly represented that their computers last for "four years."  *See* Opp. at 30.

In *Taleshpour v. Apple*, 2021 WL 3037703, at *3–5 (N.D. Cal. July 19, 2021) ("*Taleshpour II*"), this Court determined that the above statements were not actionable.  Pursuant to *Taleshpour II*, the Court holds that Plaintiffs have not stated any fraud claims based on affirmative misrepresentations.

---

[3] Given the overlap between this case and *Taleshpour*, the Court focuses its discussion on the merits of Plaintiffs' claims and does not address Defendant's Article III standing arguments.

### 2. Fraud by omission

Plaintiffs also pursue a fraud-by-omission theory, based on the theory that Defendant failed to disclose known defects in the MacBook Pros. "To state a claim for fraudulent omission, the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1175 (N.D. Cal. 2019) (internal citation omitted). "When a defect does not relate to an unreasonable safety hazard, a defendant has a duty to disclose when (1) the omission is material; (2) the defect is central to the product's function; and (3) at least one of the following four facts is met: the defendant is the plaintiff's fiduciary; the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; the defendant actively conceals a material fact from the plaintiff; or the defendant makes partial representations that are misleading because some other material fact has not been disclosed." *Id.* at 1176. A purported defect that manifests outside of the warranty period is not material as a matter of law. *See id.* at 1178 (dismissing omission claims for defect manifesting outside of the express warranty period because "consumer fraud statutes cannot be used to extend a product's warrant[y]"); *accord Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 972 (N.D. Cal. 2008) ("A contrary holding would eliminate term limits on warranties, effectively making them perpetual or at least for the 'useful life' of the product.").

Pursuant to the SAC, the defects identified "typically manifested after Apple's one-year warranty." SAC ¶ 8. The omission of the alleged defects was therefore not material because Plaintiffs did not experience the alleged defect during the warrantied life of their MacBook Pros and the alleged defect "typically" did not manifest during the warranty period. Plaintiffs argue that the omission was material because it would "eventually" result in failure of each class member's display screen. *See* Opp. at 25. However, as stated in this Court's *Taleshpour II* order, if the defect arises outside the warranty period, the manufacturer only has a duty to disclose "safety issues." 2021 WL 3037703, at *6 (collecting cases). Plaintiffs have not alleged that the defect arose before the expiration of the warranty period. SAC ¶¶ 8, 47–50, 56–58, 63–65, 70–72,

United States District Court
Northern District of California

76–78.  Thus, Defendant only had a duty to disclose safety issues.  Plaintiffs have not alleged that the alleged defects presented a safety hazard.  Accordingly, the Court finds that because Plaintiffs cannot establish the materiality requirement for a duty to disclose, Plaintiffs' omissions-based claims, including their claim for fraudulent concealment, are dismissed.

### B.  Implied Warranty Claims (Counts V, VIII, and XI)

Plaintiffs allege that Defendant breached the implied warranty of merchantability under Florida, New York, and Hawaii law.  Defendant argues that these claims fail because Defendant effectively disclaimed all implied warranties.

Sellers in each of the relevant states in this case may modify or exclude the implied warranty of merchantability with a conspicuous disclaimer.  *See Speier-Roche v. Volkswagen Grp. of Am. Inc.*, 2014 WL 1745050, at *8 (S.D. Fla. Apr. 30, 2014); *Meserole v. Sony Corp. of Am., Inc.*, 2009 WL 1403933, at *9 (S.D.N.Y. May 19, 2009) ("U.C.C. § 2-316 permits manufacturers to limit the duration of implied warranties to the duration of their express warranties if such limitation is clear and conspicuous."); *Keahole Point Fish LLC v. Skretting Canada Inc.*, 971 F. Supp. 2d 1017, 1036 (D. Haw. 2013) ("The implied warranty of fitness may be disclaimed as long as it is in writing and conspicuous."); *see also Priano-Keyser v. Apple, Inc.*, 2019 WL 7288941, at *9 (D.N.J. Dec. 30, 2019) (finding Apple's disclaimer of implied warranties sufficiently conspicuous where it was "printed in capital letters near the beginning of the Limited Warranty").

Defendant's Limited Warranty states in clear language that Apple disclaims all implied warranties, including "WARRANTIES OF MERCHANTABILITY" (capital letters in original). Singh Decl., Ex. A.  The section heading, "WARRANTY LIMITATIONS SUBJECT TO CONSUMER LAW," is in all capital letters and underlined, and the disclaimed language appears near the top of the warranty.  *Id.*  The Court finds these characteristics make the disclaimer conspicuous, such that Defendant effectively disclaimed or limited all implied warranties.  *See Taleshpour v. Apple Inc.*, 2021 WL 1197494, at *12 (N.D. Cal. Mar. 30, 2021) (finding this warranty to effectively disclaim or limit all implied warranties).

United States District Court
Northern District of California

1    Because the Limited Warranty effectively prevents Plaintiffs from bringing implied

2    warranty claims, the Court **GRANTS** the motion in relevant part and dismisses Counts V, VIII,

3    and XI **with prejudice.**

4        **C.  Song-Beverly Act Claim (Count II)**

5        The SBA provides that "every sale of consumer goods that are sold at retail in [California]

6    shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods

7    are merchantable." Cal. Civ. Code § 1792.  "To state a viable claim under California's Song-

8    Beverly Consumer Warranty Act, a plaintiff must plead sufficiently a breach of warranty under

9    California law." *Baltazar v. Apple, Inc.*, 2011 WL 588209, at *3 (N.D. Cal. Feb. 10, 2011);

10   *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 n.2 (9th Cir. 2009).

11       Generally, the warranty of merchantability ensures that goods are fit "for the ordinary

12   purpose for which goods are used." *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1303

13   (2009) (internal quotations omitted).  The "mere manifestation of a defect by itself does not

14   constitute a breach [of] the implied warranty of merchantability." *Stearns v. Select Comfort Retail*

15   *Corp.*, 2009 WL 1635931, at *8 (N.D. Cal. June 5, 2009).  "A plaintiff who claims a breach of the

16   implied warranty of merchantability must show that the product did not possess even the most

17   basic degree of fitness for ordinary use." *Swearingen v. Amazon Pres. Partners*, 2014 WL

18   3934000, at *1 (N.D. Cal. Aug. 11, 2014) (citation and quotation marks omitted).  Further, a

19   plaintiff alleging a breach of an implied warranty based on a latent defect must show that the

20   defect is "substantially certain to result in malfunction during the useful life of the product."

21   *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1223 (9th Cir. 2015) (citation and quotation marks

22   omitted).  Finally, the duration of the implied warranty of merchantability is either one-year or is

23   coextensive in duration with any express warranty that accompanies the consumer goods.  Cal.

24   Civ. Code § 1791.1(c).

25       Plaintiffs Ocampo and Hutchinson used their MacBook Pros far past the express and

26   implied warranty period.  *See* SAC ¶ 119 (limiting the Song Beverly Claim to Plaintiffs Ocampo

27   and Hutchinson); SAC ¶¶ 47, 49, 50 (Plaintiff Ocampo used his MacBook Pro for two years

28   Case No.: 5:20-cv-05857-EJD
     ORDER GRANTING MOTION TO DISMISS
                                          9

1    before experiencing the alleged defect and has continued to use it after repair); SAC ¶¶ 63, 65

2    (Plaintiff Hutchinson used his MacBook Pro for three years before experiencing the alleged

3    defect).  Plaintiffs thus cannot demonstrate that their devices were unfit for "even the most basic

4    degree of fitness for ordinary use."  *See Swearingen*, 2014 WL 3934000, at *1; *see also Elias v.*

5    *Hewlett-Packard Co.*, 950 F. Supp. 2d 1123, 1130–31 (N.D. Cal. 2013) (dismissing a SBA claim

6    predicated on an alleged breach of the implied warranty of merchantability where a computer

7    performed for seventeen months, well beyond the one-year maximum duration set forth in Cal.

8    Civ. Code § 1791.1(c)).

9         Plaintiffs argue that the Court should dispense with the requirement that they plead that

10   their MacBook Pros were substantially certain to fail because the computers *did* fail during their

11   alleged useful life.  First, this logic would effectively negate durational limits in manufacturer

12   warranties in California law.  Second, even if such an exception exists, see *Hicks v. Kaufman &*

13   *Broad Home Corp.*, 89 Cal. App. 4th 908 (2001), "multiple district courts have concluded" that

14   the exception recognized in *Hicks* does not apply to "consumer products with limited lifespans

15   such as computers."  *Davidson v. Apple*, 2017 WL 976048, at *13 n.5 (N.D. Cal. Mar. 15, 2017)

16   (collecting cases).  Accordingly, the Court **GRANTS** the motion in relevant part and dismisses

17   Plaintiffs' SBA claim **with prejudice.**

18             **D.  Magnuson-Moss Warranty Act Claim (Count III)**

19        The Court **DISMISSES** Plaintiffs' MMWA claim.  First, Plaintiffs do not meet the

20   MMWA's express jurisdictional requirement of one hundred named plaintiffs.  15 U.S.C.

21   § 2310(d)(3)(C); *Goldstein v. Gen. Motors LLC*, 445 F. Supp. 3d 1000, 1013 (S.D. Cal. 2020)

22   (dismissing MMWA claim with only twenty-nine named plaintiffs).  Second, Plaintiffs' MMWA

23   claim "stand[s] or fall[s] with [their] express and implied warranty claims under state law."

24   *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008); *Birdsong v. Apple Inc.*,

25   590 F.3d 995, 958 n.2 (9th Cir. 2009).  Because the Court has determined that Plaintiffs have

26   failed to allege any actionable breach of express or implied warranty, the Court must dismiss

27   Plaintiffs' MMWA claim.

28   Case No.: 5:20-cv-05857-EJD
     ORDER GRANTING MOTION TO DISMISS
                                         10

*United States District Court*
*Northern District of California*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss.

While leave to amend generally is granted liberally, the Court has discretion to dismiss a claim without leave to amend if amendment would be futile. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.").

With respect to the fraud claims based on affirmative representations and the implied warranty claims, the Court finds that leave to amend would be futile and prejudicial to Defendant, given that Plaintiffs have amended their complaint two times already and that this case presents nearly identical claims to *Taleshpour*, in which the Court dismissed fraud claims based on affirmative representations without leave to amend. *Leadsinger, Inc. v. BMF Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) ("The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).  With respect to the fraud claims based on fraud by omission, the Court **grants** Plaintiffs **leave to amend** to plead a safety hazard arising out of the alleged defects.  Because Plaintiffs may be able to allege a breach of warranty claim, the Court will also allow them leave to amend their MMWA claim.

**IT IS SO ORDERED.**

Dated: March 14, 2022

EDWARD J. DAVILA
United States District Judge