UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUSTIN OCAMPO, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No.　5:20-cv-05857-EJD<br><br>**ORDER STAYING ACTION** |

At the Court's request, the parties provided their respective positions on whether this action should be stayed pending the Ninth Circuit's decision in *Taleshpour v. Apple Inc.*, No. 21-16282 (9th Cir. 2021). Dkt. Nos. 64, 65. Having considered the parties' statements, the Court finds that a stay is appropriate.

"A district court has the inherent power to stay its proceedings. This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Fuller v. Amerigas Propane, Inc.*, No. 09-CV-2493-TEH, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). In considering whether a stay is appropriate, a court should weigh three factors: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Fuller*, 2009 WL 2390358, at *1 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Here, there

appears to be no potential damage to any non-parties if the action is stayed. As to hardship or inequities, Apple's arguments boil down to possibly having to continue to defend this action. On the other hand, continuing to adjudicate this action to judgment would prejudice Plaintiffs if the Ninth Circuit reverses *Taleshpour*. Finally, the Court finds that judicial economy weighs in favor of a stay. The Ninth Circuit's decision will simplify this case in that it will provide clarity and guidance to the parties and the Court on how Plaintiffs may proceed—if at all—with their claims. Requiring Plaintiffs to amend their complaint now and/or issuing a judgment and requiring Plaintiffs to appeal issues unrelated to *Taleshpour* would not be an efficient use of the parties' or the Court's resources.

Accordingly, the Court STAYS the action. Plaintiffs shall file a Third Amended Complaint within **10 days** of the Ninth Circuit's ruling in *Taleshpour*.

The Clerk of the Court shall administratively close the file.

**IT IS SO ORDERED.**

Dated: April 7, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-05857-EJD
ORDER STAYING ACTION
2